IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| COBB COUNTY, GEORGIA, <br><br> Plaintiff, <br><br> v. <br><br> TYLER TECHNOLOGIES, INC., <br><br> Defendant. | Case No. |

**NOTICE OF REMOVAL**

In accordance with 28 U.S.C. §§ 1332, 1441, and 1446, Tyler Technologies, Inc. ("Tyler Tech"), removes to this Court the state court action described below.

**Procedural History**

1.  On December 4, 2023, Cobb County filed a complaint in the Superior Court of Cobb County, Georgia, against Tyler Tech (the "Complaint.")

2.  The associated case is styled as *Cobb County, Georgia v. Tyler Technologies, Inc.*, No. 23109373, (the "State Court Action").

3.  Cobb County filed a corporate disclosure statement on December 4, 2023.

4.  Tyler Tech was served with the Complaint on December 6, 2023.

5. Cobb County filed an affidavit of service on December 7, 2023.

6. On December 15, 2023, William H. Rowling, Jr., Lauren Bruce, and Kelly Pridgen, filed entries of appearance on behalf of Cobb County.

7. No further proceedings or filings have occurred in the State Court Action.

8. The record of the State Court Action is attached as Exhibit 1.

**This Case is Removable Based on Diversity Jurisdiction**

9. Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

10. "The district courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

11. "When [a] complaint seeks damages exceeding $75,000, a removing defendant may rely on the plaintiff's valuation of the case to establish the amount in controversy unless it appears to a legal certainty that the plaintiff cannot recover the

amount claimed." *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1315 (11th Cir. 2002).

12. Here, the Complaint seeks $1,863,592.32 in damages, plus interest, attorney's fees, and costs of litigation. (Complaint at ¶ 21.)

13. Accordingly, the amount in controversy is satisfied.

14. "A district court may exercise diversity jurisdiction . . . if there is complete diversity between the parties, that is, no two adverse parties are citizens of the same state." *Ranbaxy Labs., Inc. v. First Databank, Inc.*, 826 F.3d 1334, 1338 (11th Cir. 2016).

15. "[A] political subdivision of a State, unless it is simply 'the arm or alter ego of the State,' is a citizen of the State for diversity purposes." *Moor v. Alameda Cnty.*, 411 U.S. 693, 718 (1973) (collecting cases).

16. "Eleventh Amendment immunity analysis is applicable to determinations of citizenship for the purpose of diversity jurisdiction." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999); *Univ. of S. Fla. Bd. of Trs. v. CoMentis, Inc.*, 861 F.3d 1234, 1238 (11th Cir. 2017).

17. "The bar of the Eleventh Amendment to suit in federal courts extends to States and state officials in appropriate circumstances, **but does not extend to counties and similar municipal corporations**." *Mt. Healthy City Sch. Dist. Bd. of*

*Educ. v. Doyle*, 429 U.S. 274, 280 (1977) (internal citations omitted and emphasis added).

18. Accordingly, the Supreme "Court has consistently refused to construe the Eleventh Amendment to afford protection to political subdivisions such as counties and municipalities, even though such entities exercise a slice of state power." *Abusaid v. Hillsborough Cnty. Bd. of Cnty. Comm'rs*, 405 F.3d 1298, 1314 (11th Cir. 2005) (collecting cases).

19. Georgia counties are not arms of the State for the purpose of Eleventh Amendment immunity. *SP Frederica, LLC v. Glynn Cnty.*, 173 F. Supp. 3d 1362, 1374–75 (S.D. Ga. 2016) ("Glynn County plainly lies outside the scope of Eleventh Amendment protection."); *see also Lightfoot v. Henry Cnty. Sch. Dist.*, 771 F.3d 764, 768 (11th Cir. 2014) ("[T]he School District's immunity under the Eleventh Amendment turns on whether it should be treated as an 'arm of the state' of Georgia, or <u>*as a county*</u> or similar political subdivision.") (emphasis added)

20. Accordingly, Cobb County is a citizen of the State of Georgia.

21. A corporation is a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

22. As alleged in the complaint, Tyler Tech is incorporated in the State of Delaware. (Complaint at ¶ 2.)

23. Tyler Tech's principal place of business is in Texas. (Georgia Secretary of State Records for Tyler Technologies, Inc., attached as Exhibit 2.)

24. Accordingly, Tyler Tech is a citizen of Texas and Delaware.

25. Diversity jurisdiction exists in this case.

## **The Procedural Requirements of Removal are Satisfied**

26. The removal of this civil action is timely because it is filed within 30 days of service of the complaint. *See* 28 U.S.C. § 1446(b)(1).

27. The Atlanta Division of the United States District Court for the Northern District of Georgia includes Cobb County, Georgia. 28 U.S.C. § 90(a)(2).

28. Accordingly, this action is being removed "to the district court of the United States for the district and division embracing the place where such action is pending," pursuant to 28 U.S.C. § 1441(a).

29. Because Tyler Tech is the only defendant, all defendants who have been properly joined and served join the removal of this action.

## **Non-Waiver of Rights and Defenses**

30. In filing this Notice of Removal, Tyler Tech does not waive any defenses available to it or admit any of the allegations in the Complaint.

## Conclusion

31. Tyler Tech removes the State Court Action to the Atlanta Division of the United States District Court for the Northern District of Georgia.

Respectfully submitted, this 3rd day of January, 2024.

                          KHAYAT LAW FIRM

                          */s/ Robert C. Khayat, Jr.*
                          Robert C. Khayat, Jr.
                          Georgia Bar No. 416981
                          Brian D. Spielman
                          Georgia Bar No. 596026

                          KHAYAT LAW FIRM
                          75 14th Street, N.E.
                          Suite 2750
                          Atlanta, GA 30309
                          Telephone: (404) 978-2750
                          Facsimile: (404) 978-2901
                          RKhayat@khayatlawfirm.com
                          BSpielman@khayatlawfirm.com

                          *Counsel for Tyler Technologies, Inc.*

## **LR 7.1(D) CERTIFICATE OF FONT COMPLIANCE**

I hereby certify that the foregoing document has been prepared with one of the font and point selections approved by the Court in Rule 5.1(C) of the Civil Local Rules of Practice for the United States District Court for the Northern District of Georgia, specifically Times New Roman 14 pt. font.

> */s/ Robert C. Khayat, Jr.*
> Robert C. Khayat, Jr.
> Georgia Bar No. 416981

7

# CERTIFICATE OF SERVICE

This is to certify that the foregoing document was electronically filed this day with the Clerk of the Court through the CM/ECF system, which will send notice of electronic filing to counsel of record and that copies of the foregoing document were served upon the plaintiff via U.S. Mail, postage prepaid, at the below addresses listed in the Complaint.

David R. Cook Jr.
cook@ahclaw.com
Kelly M. Henning
henning@ahclaw.com
AUTRY, HALL & COOK LLP
3330 Cumberland Blvd, Suite 185
Atlanta, GA 30339

H. William Rowling, Jr.
H.William.Rowling@CobbCounty.org
Lauren S. Bruce
Lauren.Bruce@cobbcounty.org
Kelly J. Long Pridgen
Kelly.Pridgen@cobbcounty.org
COBB COUNTY ATTORNEY'S OFFICE
100 Cherokee Street, Suite 350
Marietta, GA 30090

*Counsel for Cobb County*

This 3rd day of January, 2024.

/s/ *Robert C. Khayat, Jr.*
Robert C. Khayat, Jr.
Georgia Bar No. 416981