IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| COBB COUNTY, GEORGIA,<br><br>Plaintiff,<br><br>v.<br><br>TYLER TECHNOLOGIES, INC.,<br><br>Defendant. | Case No. 1:24-cv-00045-LMM |

**TYLER TECHNOLOGIES, INC.'S MOTION FOR MORE
DEFINITE STATEMENT AND INCORPORATED BRIEF**

In accordance with Federal Rule of Civil Procedure 12(e), Tyler Technologies, Inc. ("Tyler Tech") moves for a more definite statement.

## INTRODUCTION

Under Federal Rule of Civil Procedure 12(e), a defendant is entitled to a more definite statement when a complaint is so vague that the defendant cannot be reasonably expected to respond to the allegations. This means that a plaintiff asserting a breach of contract claim must either identify specific provisions of a contract that were breached or otherwise incorporate the alleged contract into the complaint. In this case, Cobb County's skeletal complaint cites only one specific provision of the contract (the dispute resolution requirement) and does not

incorporate the alleged agreement, or any other documents referenced in the pleading. Moreover, the complaint fails to specifically identify the alleged breaches on which the claim rests.

Under these circumstances, Tyler Tech cannot reasonably be expected to respond to the allegations. A more definite statement is required.

## **PROCEDURAL HISTORY**

On December 4, 2023, Cobb County (the "County") filed a complaint against Tyler Tech in the Superior Court of Cobb County, Georgia. The complaint asserts a claim for breach of contract premised on an alleged breach of a License and Services Agreement between Tyler Tech and the County (the "Agreement"). The complaint, which does not attach or incorporate the Agreement, alleges, without reference to any specific provision of the Agreement that, "[t]he Contract required Tyler Technologies to satisfy all 178 functional requirements for the Business License Software System set forth in the Request for Proposals" and that "Tyler Technologies was required to configure and implement the Business License Software System within eighteen months." (Complaint at ¶¶ 8–9.).

The complaint further alleges that as of September 20, 2022, Tyler Tech had failed to "satisfy the vast majority of the functional requirements of the Contract," and that "[o]n that same date, Cobb County notified Tyler Technologies about the

deficiencies and defects in Tyler Technologies' performance and software." (Complaint at ¶¶ 12–13.) The complaint does not attach or incorporate the alleged notice.

Similarly, Cobb County alleges that on November 7, 2022, it sent Tyler Tech a "Notice of Default" listing the failures of certain functional requirements, "including but not limited" to eight requirements listed in the complaint; as well as six missing software programs. (Complaint at ¶¶ 15–16.) The complaint does not attach or incorporate the Notice of Default.

Based on these unspecific allegations, Count I asserts that "[a]s a result of Tyler Technologies' defects, inconsistency of staff, failure to implement the Contract, and other failures, Tyler Technologies has materially breached the Contract." (Complaint at ¶ 20.)

## ANALYSIS

Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."

The application of Rule 12(e) to a breach of contract claim was recently analyzed by Judge Ross in *Ground/Water Treatment & Technology, LLC v. Georgia*

*Power Company*, No. 1:20-cv-2654, 2021 WL 1917125 (N.D. Ga. Feb. 1, 2021). In that case, the plaintiff Ground/Water Treatment & Technology ("GWTT") alleged that it and the defendant Georgia Power executed a "Temporary Systems Agreement" "for GWTT to design, fabricate, install and convey the temporary wastewater treatment system for a sum of $5,875,000.00." (*Ground/Water Treatment & Tech.*, No. 1:20-cv-2654, at Doc. 1 at ¶ 16). The complaint further alleged that the defendant Georgia Power "refused to pay GWTT the sums due and owing after demand for payment in full." (*Id.* at ¶ 46.) Based on these allegations, GWTT asserted a count for breach of a written contract, alleging that "Georgia Power breached the Temporary System Agreement by failing to pay GWTT for the work it performed." (*Id.* at ¶ 53.)

Georgia Power moved to dismiss the breach of contract claim or, in the alternative, for a more definite statement, contending that "Plaintiff must identify a specific contractual provision that has been breached . . . ." *Ground/Water Treatment & Tech.,* 2021 WL 1917125, at *4–5. In response, GWTT cited *Coca-Cola Financial Corporation v. Pure Tech Plastics, LLC*, No. 1:12-cv-949, 2012 WL 12844770, at *3 (N.D. Ga. Oct. 24, 2012) "for the proposition that 'if a breach of contract claim sufficiently alleges a provision of the contract at issue has been breached, further articulation of which specific provision of the contract has

4

allegedly been breached is unnecessary.'" *Ground/Water Treatment & Tech.,* 2021 WL 1917125, at *5.

Judge Ross rejected GWTT's argument because "the plaintiff in *Coca-Cola* incorporated the underlying contract into the amended complaint by reference. Thus, the underlying contract's provisions, including the allegedly breached provision, were considered a part of the plaintiff's amended complaint." *Id*. In contrast, Judge Ross noted that in the complaint at issue, GWTT had "not attached the underlying Contract or identified any 'provisions' . . . Defendant specifically breached (besides a general failure to pay)." *Id*. Accordingly, Judge Ross granted Georgia Power's motion for a more definite statement. *Id*.

The complaint in this case suffers from the same deficiencies as the pleading in *Ground/Water Treatment*. Specifically, the complaint here makes oblique references to Tyler Tech's alleged obligations under the Agreement without pointing to a specific provision of the contract creating such obligations[1] or otherwise attaching or incorporating the document.

More fundamentally, the complaint fails to specify which breaches the County is alleging with respect to its breach of contract claim. Count I purports to allege a

---

[1] The only provision of the Agreement specifically referenced in the complaint is Section (I)(3), which relates to dispute resolution requirements. (Complaint at ¶ 17.)

breach of contract claim based on vague allegations of "defects, inconsistency of staff, failure to implement the Contract, and other failures." (Complaint at ¶ 20.) And while the claim incorporates the general allegations of the complaint, the incorporated allegations are similarly vague. Paragraph 12 refers to Tyler Tech's alleged failure "to satisfy the vast majority of the [178] functional requirements," while Paragraph 15 lists only eight allegedly failed functional requirements, with the ambiguous modifier "including but not limited to." *See In re Lee Way Holding Co.*, 105 B.R. 404, 417 (Bankr. S.D. Ohio 1989) ("[T]he plaintiffs[] allude to the existence of 'transfers including, but not limited to, those described in paragraphs 44 and 45 of this Complaint . . . .' Banner correctly asserts that this allegation of the Complaint is so vague that Banner cannot reasonably be required to frame a responsive pleading."). Similarly, Paragraph 16 refers to allegedly "missing software" without identifying any requirements in the contract establishing the requirements for such software.

The result of the pleading deficiencies is that it is unclear which breaches the County is asserting and which provisions of the Agreement support those assertions. Under these circumstances, a more definite statement is warranted. *See Patel v. Trivedi*, No. 4:10-CV-04195, 2011 WL 6130946, at *3 (W.D. Ark. Dec. 8, 2011) ("The Patels will be required to provide a more definite statement as to their breach

of contract which should include the following information: a date or definite timeframe as to when any alleged breach occurred and identification of any specific provisions that the Patels allege were breached.")

## **CONCLUSION**

A plaintiff may not allege a breach of contract claim without alleging specific provisions that were breached, either through specific allegations or incorporating the contract into the pleading. Cobb County did neither of these things. Accordingly, it should be required to file a more definite statement to remedy these defects.

Respectfully submitted, this 9th day of January 2024.

        KHAYAT LAW FIRM

        */s/ Robert C. Khayat, Jr.*
        Robert C. Khayat, Jr.
        Georgia Bar No. 416981
        Brian D. Spielman
        Georgia Bar No. 596026

        KHAYAT LAW FIRM
        75 14th Street, N.E.
        Suite 2750
        Atlanta, GA 30309
        Telephone: (404) 978-2750
        Facsimile: (404) 978-2901
        RKhayat@khayatlawfirm.com
        BSpielman@khayatlawfirm.com

        *Counsel for Tyler Technologies, Inc.*

## **LR 7.1(D) CERTIFICATE OF FONT COMPLIANCE**

I hereby certify that the foregoing document has been prepared with one of the font and point selections approved by the Court in Rule 5.1(C) of the Civil Local Rules of Practice for the United States District Court for the Northern District of Georgia, specifically Times New Roman 14 pt. font.

*/s/ Robert C. Khayat, Jr.*
Robert C. Khayat, Jr.
Georgia Bar No. 416981

## **CERTIFICATE OF SERVICE**

This is to certify that the foregoing document was electronically filed this day with the Clerk of the Court through the CM/ECF system, which will send notice of electronic filing to counsel of record.

This 9th day of January 2024.

*/s/ Robert C. Khayat, Jr.*
Robert C. Khayat, Jr.
Georgia Bar No. 416981
