IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **COBB COUNTY, GEORGIA,**   *Plaintiff,*   v.   **TYLER TECHNOLOGIES, INC.,**   *Defendant.* | Case No. 1:24-cv-00045-LMM |

**COBB COUNTY'S RESPONSE TO
MOTION FOR MORE DEFINITE STATEMENT**

Cobb County responds to the motion for a more definite statement of Tyler Technologies, Inc. as follows:

**I. INTRODUCTION**

In its motion for more definite statement, Tyler applies an inapplicable standard, which improperly heightens the standard for pleadings. The Federal Rules of Civil Procedure merely require fair notice of the claims to give the defendant the ability to prepare a response. Cobb County's Complaint specifically alleges the material terms of what was promised in the Contract. Cobb County is not required to point to the specific, numerical provisions of the Contract; instead, all that is required for notice is a short and plain statement of the material terms of the Contract

that were breached. Cobb County's Complaint gives Tyler notice of its particular claims and provides ample factual information for Tyler to prepare a response. Nonetheless, in good faith, Cobb County will submit an Amended Complaint that identifies the requested specific, numerical provisions in the Contract that Tyler has breached.

## II. ARGUMENT AND CITATION OF AUTHORITY

### A. Cobb County met the pleading requirements set forth in Rule 8.

Cobb County satisfied the pleading requirements in Rule 8 of the Federal Rules of Civil Procedure, and Tyler's motion for more definite statement must be denied.

### 1. Federal Rules of Civil Procedure and Purpose of Motions for More Definite Statement

There are two Federal Rules of Civil Procedure at issue: Rule 8, which sets forth the requirements of pleadings, and Rule 12(e), which authorizes motions for more definite statements. Rule 12(e) states:

> [a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. . . .

Rule 12(e) must be read in conjunction with Rule 8.[1] Rule 8(a)(2) states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

This Court has carefully considered the minimal requirements of a pleading needed to satisfy Rule 8 and the interplay between Rule 8 and Rule 12(e):

> Rule 8 forms the cornerstone of the system of pleading under the Federal Rules of Civil Procedure. Under that rule, **the principal function of pleadings is to give the adverse party fair notice of the claim asserted in the form of a generalized summary** sufficient to allow that party to make an adequate response. . . **This limited role of the pleadings is necessarily interrelated with the operation of Rule 12(e).** The United States Fifth Circuit Court of Appeals stated: In view of the great liberality of [Rule] 8, permitting notice pleading, it is clearly the policy of the Rules that **Rule 12(e) should not be used to frustrate this policy by lightly requiring a plaintiff to amend his complaint which under Rule 8 is sufficient** . . . . Thus, if a complaint satisfies Rule 8 and gives fair notice of the nature of the claim to the adverse party, a motion for more definite statement will not be granted. Moreover, in determining whether the defendants can reasonably be expected to respond to the claims asserted, **the complaint must be measured in light of the minimal requirements for a responsive pleading imposed on the adverse party by Rule 8(b).** For these reasons, motions for more definite statement are not favored.[2]

---

[1] *Hodgson v. Virginia Baptist Hosp., Inc.*, 482 F.2d 821, 822 (4th Cir. 1973).
[2] *United States v. Metro Dev. Corp.*, 61 F.R.D. 83, 86–87 (N.D. Ga. 1973).

Hence this Court (i) requires that plaintiff give *fair notice* of the claim asserted in a *generalized summary*, (ii) acknowledges the *limited role* of the pleadings, (iii) acknowledges the *minimal requirements* of a responsive pleading, (iv) will not allow the defendant to use Rule 12(e) to impose additional requirements beyond Rule 8, and (v) does not favor motions for more definite statements.[3]

Furthermore, other district courts have held that a liberal construction of Rule 12(e) would defeat "the beneficial and progressive method of pleading provided by Rule 8(a)(2) wherein a claim for relief must be a short and plain statement."[4]

Here, Cobb County gave fair notice of the claim asserted through a generalized summary and short and plain statement of its claim.

**2.   Motions for more definite statement cannot end-run discovery.**

There is a consensus with this Court and other district courts that motions for more definite statement are not intended to flesh out a lack of detail[5] or provide a substitute for discovery.[6] "Rather, the motion is intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail."[7]

---

[3] *Id.*
[4] *Braden v. Callaway*, 4 F.R.D. 147, 148 (E.D. Tenn. 1943).
[5] *Martinez v. Naranjo*, 328 F.R.D. 581, 593 (D.N.M. 2018).
[6] *Kinfe v. Canon Bus. Process Servs., Inc.*, No. 118CV04351TWTAJB, 2018 WL 11483098, at 1 (N.D. Ga. Dec. 12, 2018).
[7] *Id.*

The Fifth Circuit (pre Fifth-Circuit Split) held that Rule 8's

> simplified 'notice pleading' is made possible by the liberal opportunity for discovery and the other pretrial procedure established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues.[8]

Additionally, a liberal construction of Rule 12(e) would undermine the "generous provisions for discovery" set forth by Federal Rules of Civil Procedure 26-37.[9] Such construction is disfavored by federal district courts.[10]

Federal appellate courts have also emphasized the principle that motions for more definite statement cannot upend discovery. The Fifth Circuit (prior to the Fifth-Circuit Split) addressed this demarcation when discussing the critical distinction between the standards for motions to dismiss and motions for more definite statement:

> There is more than a mere procedural distinction between the motion to dismiss for failure to state a claim and the motion for more definite statement. The difference is fundamental as this case testifies. If the claim is dismissed because it is too vague or because the plaintiff is unable to supply the details, none of the machinery of discovery whose function it is to ferret out facts and delineate issues before trial can be utilized. . . . And, except for brief periods of 10 or 20 days following the commencement of an action when leave of Court is required, discovery mechanisms of interrogatories, requests for admissions,

---

[8] *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959) (pre 5th-Circuit Split).
[9] Braden v. Callaway, 4 F.R.D. 147, 148 (E.D. Tenn. 1943).
[10] *Id.*

5

>motions to produce and oral depositions are not contingent upon the state of the pleadings or any necessity for the case to be at formal issue.[11]

Thus, Tyler will have ample opportunity to explore the claims further.

### B. Tyler failed to demonstrate entitlement to a more definite statement under Rule 12(e).

To prevail on a motion for more definite statement, in accordance with Rule 12(e), defendant must show that "the pleading is so vague or ambiguous that the party cannot reasonably prepare a response."[12] As indicated above, a motion for more definite statement is designed to remedy the unintelligibility of a pleading.[13] And "if it appears that defendants have been sufficiently informed of the charges against them by the complaint, a motion for more definite statement will be denied."[14]

#### 1. Cobb County was not required to state the specific contract provisions to allege a breach of contract claim.

In its motion for more definite statement, Tyler cites *Ground/Water Treatment & Tech., LLC v. Georgia Power Co.* to contend that Cobb County was required to either enumerate specific provisions of the Contract or attach the Contract to the

---

[11] *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130–31 (5th Cir. 1959) (pre 5th-Circuit Split).
[12] *Ensley v. Jackson Cnty. Sch. Sys. Bd. of Educ.*, No. 2:20-CV-00043-RWS, 2020 WL 10142132, at *4 (N.D. Ga. Oct. 6, 2020).
[13] *United States v. Metro Dev. Corp.*, 61 F.R.D. 83, 87 (N.D. Ga. 1973).
[14]  *S.C. Johnson & Son, Inc. v. Para Indus., Inc.*, No. 14779, 1971 WL 16650, at 1 (N.D. Ga. Aug. 19, 1971) (internal citation omitted).

Complaint.[15] But Tyler misunderstands the Court's reasoning for granting the motion for a more definite statement in *Ground/Water*. In that case, the Court did not grant the motion because Plaintiffs failed to identify the *specific, numerical* provisions allegedly breached; instead, the Court granted the motion because the Plaintiffs did not identify *any* provision of the Contract that was breached besides "a general failure to pay."[16] In fact, to properly allege a breach of contract claim, this Court has given specific direction to provide the following: (1) a verbatim statement of the contract terms: (2) the contract as an attachment; **_or_** (3) the **material terms** of what was promised and is sought to be enforced."[17]

In its motion, Tyler misconstrues the requirements stated in *Ground/Water Treatment & Tech., LLC v. Georgia Power Co.*, which (i) leads to an argument for a heightened standard of pleadings roundly rejected by this Court[18] and (ii) effectively seeks information that should be obtained during discovery.[19]

---

[15] Def. Mot. for More Definite Statement at 5.
[16] *Ground/Water Treatment & Tech., LLC v. Georgia Power Co.*, No. 1:20-CV-02654-ELR, 2021 WL 1917125, at 2 (N.D. Ga. Feb. 1, 2021).
[17] *Williams v. D. R. Horton Inc.*, No. 1:05-CV-68-CAM, 2005 WL 8155414, at *2 (N.D. Ga. May 26, 2005) (emphasis added).
[18] *See United States v. Metro Dev. Corp.*, 61 F.R.D. 83, 86–87 (N.D. Ga. 1973).
[19] *See Kinfe v. Canon Bus. Process Servs., Inc.*, No. 118CV04351TWTAJB, 2018 WL 11483098, at 1 (N.D. Ga. Dec. 12, 2018).

**2. By providing with specificity the material terms of the Contract, Cobb County's Complaint sufficiently informed Tyler of the charges against it.**

Cobb County provided Tyler fair notice of its breach of Contract claim with short and plain statements of the material terms of the Contract that Tyler breached. Such material terms of the Contract included: (1) that Tyler must satisfy 178 functional requirements for the Business License Software System[20] and (2) the specific timeframe to configure and implement the Business License Software System.[21] Cobb County's Complaint also alleged with specificity the terms of the Contract that Tyler breached including: (1) the specific defects in the software that failed to satisfy the functional requirements,[22] (2) a detailed list of missing software Tyler failed to provide,[23] (3) Tyler's failure to complete its obligations within the specified timeframe.[24] Furthermore, these paragraphs of the Complaint were explicitly incorporated into Count 1 – Breach of Contract.[25] These statements are neither vague nor ambiguous; thus, Cobb County's Complaint satisfied the

---

[20] Compl. at ¶ 8.
[21] Id. at ¶ 9.
[22] Id. at ¶ 15.
[23] Id. at ¶ 16.
[24] Id. at ¶ 12.
[25] Id. at ¶ 19.

requirements of Rule 8 and provided the required level of specificity regarding the Contract in order for Tyler to respond.

### III.  CONCLUSION

Because Cobb County's Complaint gives Tyler fair notice of the Contract's material terms that Cobb County is seeking to enforce, Tyler is more than capable of providing a response to this breach of contract claim. Accordingly, the motion for more definite statement should be denied. However, in the interest of efficiency and good faith, Cobb County will amend its Complaint to cite the requested specific, numerical provisions of the Contract which Tyler has breached.

### LR 7.1(D) CERTIFICATE OF FONT COMPLIANCE

I hereby certify that the foregoing document has been prepared with one of the font and point selections approved by the Court in Rule 5.1 (C) of the Civil Local Rules of Practice for the United States District Court for the Northern District of Georgia, specifically Times New Roman 14 pt. font.

Respectfully submitted this 30th day of January 2024.

> */s/ David R. Cook*
> David R. Cook Jr.
> Georgia Bar No. 435130
> cook@ahclaw.com
> Kelly M. Henning
> Georgia Bar No.: 586465
> henning@ahclaw.com

AUTRY, HALL & COOK, LLP
3330 Cumberland Blvd., Suite 185
Atlanta, Georgia 30339
(770) 818-4442
*Attorneys for Plaintiff Cobb County*

H. William Rowling, Jr.
County Attorney
Georgia Bar No. 617225
H.William.Rowling@CobbCounty.org

Lauren S. Bruce
Assistant County Attorney
Georgia Bar No. 796642
Lauren.Bruce@CobbCounty.org

Kelly J. Long
Senior Associate County Attorney
Georgia Bar No. 587945
Kelly.Long@CobbCounty.org

COBB COUNTY ATTORNEY'S OFFICE
100 Cherokee Street, Suite 350
Marietta, GA  30090
(770) 528-4000
*Attorneys for Plaintiff Cobb County*

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2024, I electronically filed **COBB COUNTY'S RESPONSE TO MOTION FOR MORE DEFINITE STATEMENT** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

10

Robert C. Khayat, Jr.
RKhayat@khayatlawfirm.com
Brian D. Spielman
BSpielman@khayatlawfirm.com
KHAYAT LAW FIRM
75 14th Street, N.E.
Suite 2750
Atlanta, GA 30309
*Counsel for Tyler Technologies, Inc.*

This 30th day of January 2024.

*/s/ David R. Cook*
David R. Cook Jr.
Georgia Bar No. 435130
cook@ahclaw.com