## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

COBB COUNTY, GEORGIA,

Plaintiff-Counterclaim Defendant,

v.                                            Case No. 1:24-cv-00045-LMM

TYLER TECHNOLOGIES, INC.,

Defendant-Counterclaim Plaintiff.

**Amended Joint Preliminary Report and Discovery Plan**

**1.    Description of Case:**

    (a)  Describe briefly the nature of this action.

Breach-of-contract action against Tyler Technologies, Inc. ("Tyler Technologies") by Cobb County, Georgia ("County"), for alleged breach of a License and Services Agreement, dated July 1, 2020, as amended (the "Contract").

Breach-of-contract counterclaims against the County by Tyler Technologies for alleged breach of the Contract.

    (b)  Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

On July 1, 2020, the County and Tyler Technologies entered a License and Services Agreement whereby Tyler Technologies was to license, implement, and maintain software products for the County's Business License Division. The Contract was amended on June 16, 2021, to include, among other things, a community development solution. Each party contends the other breached the agreement.

(c)  The legal issues to be tried are as follows:

Breach of contract.

(d)  The cases listed below (include both style and action number) are:

(1)    Pending Related Cases:

None.

(2)    Previously Adjudicated Related Cases:

None.

**2.**    This case is complex because it possesses one or more of the features listed below (please check):

|     |      |                                                                            |
| --- | ---- | -------------------------------------------------------------------------- |
|     | (1)  | Unusually large number of parties                                          |
|     | (2)  | Unusually large number of claims or defenses                               |
|     | (3)  | Factual issues are exceptionally complex                                   |
|     | (4)  | Greater than normal volume of evidence                                     |
|     | (5)  | Extended discovery period is needed                                        |
|     | (6)  | Problems locating or preserving evidence                                   |
|     | (7)  | Pending parallel investigations or action by government                    |
|     | (8)  | Multiple use of experts                                                    |
|     | (9)  | Need for discovery outside United States boundaries                        |
| X   | (10) | Existence of highly technical issues and proof                             |
|     | (11) | Unusually complex discovery of electronically stored information           |

**3.    Counsel:**
The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:

David R. Cook; Kelly M. Henning; H. William Rowling, Jr.; Lauren S. Bruce; and

<u>Kelly J. Long.</u>

    Defendant:

<u>Robert C. Khayat Jr. and Brian D. Spielman</u>

**4.      Jurisdiction:**

    Is there any question regarding this Court's jurisdiction?

     Yes            <u>X</u> No

    If "yes," please attach a statement, not to exceed one page, explaining the
    jurisdictional objection. When there are multiple claims, identify and discuss
    separately the claim(s) on which the objection is based. Each objection
    should be supported by authority.

**5.      Parties to This Action:**

    (a)  The following persons are necessary parties who have not been joined:

<u>None.</u>

    (b)  The following persons are improperly joined as parties:

<u>None.</u>

    (c)  The names of the following parties are either inaccurately stated or
         necessary portions of their names are omitted:

<u>None.</u>

    (d)  The parties shall have a continuing duty to inform the Court of any
         contentions regarding unnamed parties necessary to this action or any
         contentions regarding misjoinder of parties or errors in the statement of
         a party's name.

**6.      Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:

<u>None.</u>

(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

## 7.   Filing Times For Motions:

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony:* <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

## 8.   Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state

the party and basis for the party's objection.  NOTE: Your initial disclosures should include electronically stored information.  Refer to Fed.R.Civ.P. 26(a)(1)(B).

Neither party has any objections regarding initial disclosures.

**9.      Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

Neither party requests a scheduling conference with the Court.

**10.     Discovery Period**
The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

A list of subjects on which discovery may be needed is as follows:

- Contract implementation.
- Project Timelines and implementation.
- Implementation or failure of implementation of the functional requirements
- Capability of software to perform according to Contract requirements.
- Software development, implementation, functionality and delivery.
- Tyler Technologies' hiring and training of its staff.
- The County's receipt and payment of invoices.
- Contract negotiation.

- The County's cooperation and assistance in implementing the projects.
- Any service account issues in the County's software that would have impacted the implementation of the projects.
- The County's correspondence purporting to terminate the Contract.
- Amendments, if any, to the Project Timelines
- The County's efforts, if any, to mitigate its claimed damages.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

Tyler Technologies anticipates that additional time will be needed to complete discovery because, according to Tyler Technologies, the case involves highly technical issues related to software functionality and fact-intensive questions related to the modification of relevant implementation schedules.


**11.      Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

At this time, neither party believes that any changes should be made in the limitations on discovery under the Federal Rules of Civil Procedure or Local Rules of this Court.


(b) Is any party seeking discovery of electronically stored information?

X Yes      __ No

If "yes,"

(1)    The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The scope of production will be limited by the applicable Federal Rules of Civil Procedure.

   (2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

Cobb County has stated that acceptable formats of production of electronically stored information are native, Portable Document Format (PDF), Joint Photographic Experts Group (JPEG), Portable Network Graphics (PNG), Moving Picture Experts Group (MP4), Microsoft Word document (docx), email files created by Outlook, Audio Video Interleave movie or sound file (avi),  Hypertext markup language page (htm, html), Wave audio file (wav), and Microsoft Office files.

Tyler Technologies has stated that, to the extent possible, ESI shall be produced with ASCII format metadata and text files, with DAT file containing field headers and populated metadata using the standard Concordance (ASCII 20 and ASCII 254) delimiters, LFP and OPT image load files, single-page TIFFs in subfolders that match the load files, and multi-page full body text files in a separate TEXT folder. Further, Excel, audio, and video files, and any other files not reasonably viewable as TIFF images, shall be produced as native files named after BegDoc and linked via the NATIVEPATH field. Metadata fields shall include BegDoc, EndDoc, Attachment Range, Subject, Author, Recipient, CC, Creation Date, Last Modified Date, Sent Date, Sent Time, Document Type, Document Title, NativeLink, and Text Link fields.

The parties have agreed that all metadata must be included.

   In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

## 12. Other Orders:

   What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

The parties anticipate seeking a protective order to govern the discovery process.

**13.    Settlement Potential:**

(a)  Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on <u>February 8, 2024,</u> and that they participated in settlement discussions.  Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead counsel (signature):

<u>*/s/ draft*</u>
<u>David R. Cook Jr.</u>
<u>Georgia Bar No. 435130</u>
<u>cook@ahclaw.com</u>

Other participants:

<u>Kelly M. Henning</u>

For defendant: Lead counsel (signature):

<u>/s/ *draft*</u>
<u>Robert C. Khayat, Jr.</u>
<u>(Signed with express permission)</u>
<u>Georgia Bar No. 416981</u>

Other participants:

<u>Brian D. Spielman</u>

(b)  All parties were promptly informed of all offers of settlement and

following discussion by all counsel, it appears that there is now:

(___) A possibility of settlement before discovery.
( x ) A possibility of settlement after discovery.
(___) A possibility of settlement, but a conference with the judge is needed.
(___) No possibility of settlement.

(c)  Counsel (_____) do or (___X___) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is _____, 2024.

(d)  The following specific problems have created a hindrance to settlement of this case.

The parties participated in a pre-suit mediation which did not result in a settlement.


**14.      Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)  The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day, of 20___.

(b)  The parties (X) do not consent to having this case tried before a magistrate judge of this Court.

David R. Cook Jr.                              Robert C. Khayat, Jr.
Counsel for Plaintiff                          Counsel for Defendant

* * * * * * * * * * * * *

**SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report

9

and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

| Discovery Task | Deadline |
| --- | --- |
| End of Discovery | August 1, 2024 |
| Deadline to file Dispositive Motions | September 2, 2024 |
| Deadline to file Daubert Motions | September 2, 2024 |
| Deadline to File Consolidated Pre-trial Order | September 2, 2024, or 30 days after the resolution of any pending motions for summary judgment, whichever is later |

**SO ORDERED** this ___day of March, 2024.

_____
Hon. Leigh Martin May
United States District Judge