# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| **COBB COUNTY, GEORGIA,** *Plaintiff,* v. **TYLER TECHNOLOGIES, INC.,** *Defendant.* | Case No. 1:24-cv-00045-LMM |

## PLAINTIFF'S ANSWER TO COUNTERCLAIMS

Plaintiff Cobb County, Georgia submits its Answer to Counterclaims of Defendant Tyler Technologies, Inc. ("Tyler Tech") as follows:

### COUNTERCLAIMS

1. This paragraph contains no statement that requires a response from the County. To the extent a response is required, any averment contained in this paragraph is denied.

### PARTIES

2. The County admits that it is a political subdivision of the State of Georgia.

3. Upon information and belief, the County admits that Tyler Tech is a corporation organized in the State of Delaware. The County is without sufficient knowledge or information to admit or deny that Tyler Tech's principal place of business is in Texas and therefore denies the same.

## JURISDICTION AND VENUE

4. The County admits that this Court has subject-matter jurisdiction over the counterclaims.

5. The County denies this paragraph as stated.

6. The County admits that the Court has personal jurisdiction over the County.

7. The County admits venue is proper in this Court.

## FACTUAL BACKGROUND

8. The County lacks knowledge or information sufficient to form a belief about the truth of the allegation. As such, the County denies the allegation in Paragraph 8.

9. The County admits that Tyler licenses software suites for various services. The County lacks knowledge or information sufficient to form a belief regarding the veracity of the remaining allegations. As such, the County denies the remaining allegations in this paragraph.

10. Upon information and believe, the County admits that the name of Tyler's civic services is "EnerGov."

11. The County lacks knowledge or information sufficient to form a belief about the truth of the allegation. As such, the County denies the allegations in this paragraph.

12. The County admits that in 2018, it issued Request for Proposal 18-6380 ("RFP") seeking a business license software system for the Cobb County Business License Division.

13. The County admits that Tyler Tech submitted a formal response to the RFP on September 13, 2018.

14. The County admits that after the County selected the Tyler Tech Proposal, Tyler Tech and the County began negotiating a contract. The County denies the allegations in this paragraph to the extent they imply the contract was the only governing document of the contemplated project. The County admits, in July 2020, the parties executed a License and Services Agreement (the "Agreement"). The County denies the allegation that this agreement was solely for "*the licensing, implementation, and maintenance*" of a business licensing solution for the County. A purpose of theAgreement was for Tyler Tech to produce software products for the County and other purposes stated therein.

16. The County admits the parties executed Amendment No. 1 to the License and Services Agreement. The County denies the allegations of this paragraph to the

extent they imply the sole purpose of the amendment was to add community development and services to the Agreement. The purpose of the Amendment extended the obligations for Tyler Tech to provide software products for the County and other purposes stated therein.

17. The County denies the allegations of this paragraph.

18. The County admits Section C(1) of the Agreement provides, in part, that Tyler Tech will "provide . . . the various implementation-related services itemized in the Investment Summary and described in the Statement of Work."

19. The County admits Exhibit E to the Agreement was broken into six work stages, which are described therein. The County denies the remaining allegations in this paragraph.

20. The County denies each stage itemizes the required contributions of the County and denies the description of the purpose of a "control point." Section 1.13 of the Statement of Work defines a "Control Point" as "confirming the work performed during that Stage of the Project."

21. The County admits Section 1.3 of the Statement of Work states: "[t]he Project Timeline establishes a start and end date for each Phase of the Project and will be developed during Stage 1 Initiate & Plan and revised as mutually agreed to, if needed." Any remaining allegations of this paragraph are denied.

22. The County denies the only relevant considerations for the Project Timeline are defined as "resource availability, business goals, size and complexity of the Project, and task duration requirements." Section 1.3 merely states the Project Timeline *accounts* for these factors. Any remaining allegations of this paragraph are denied.

23. The County admits that the "Project Assumptions" identified in Section 1.8 of Exhibit E include those items listed in Section 1.8 concerning "Project, Resources[,] and Scheduling." Such items include, without limitation, those listed in this paragraph.

24. The County admits the Section 1.8 of the Statement of Work contains the following phrase: "Decisions left unmade may affect the schedule, as each analysis and implementation session builds on the decisions made in prior sessions." Any remaining allegations – express or implied – are denied.

25. The County admits the allegations of this paragraph, but denies this paragraph contains the entire provision of the Agreement.

26. The County admits the allegations of this paragraph, but denies this paragraph contains the entire provision of the Agreement.

27. The County admits the allegations of this paragraph, but denies this paragraph contains the entire provision of the Agreement.

28. The County admits it agreed to pay for the professional service fees in the amounts set forth in the Investment Summary, but notes that the Investment Summary defines itself as a detailed list of "the software, products, and services *to be delivered by us* to you under the Agreement." Any remaining allegations in this paragraph are denied.

29. The County admits that this paragraph contains language of Section F(2) in the Agreement.

30. The County admits that this paragraph contains language of Section G(1) in the Agreement.

31. The County denies to the extent the parties "*baselined* a project schedule during Stage 1 of the Business License implementation." The parties mutually agreed to a fixed Project Timeline during Stage 2 of the Business License implementation.

32. The County admits that during certain meetings, they discussed the items listed in this paragraph.

33. The County admits the parties mutually agreed on a Project Timeline. The County denies the remaining allegations in this paragraph.

34. The County admits the parties mutually agreed on a Project Timeline. The County denies the remaining allegations in this paragraph.

35. The County admits a Project Timeline was accepted. The County denies that Tyler Tech's allegations in this paragraph are an accurate description of Section 1.14.6 of the Statement of Work. The Initiate & Plan Stage Acceptance Criteria states the below must be completed for acceptance:

> 1.14.6.2    Initiate & Plan Stage Acceptance Criteria
> - Hardware Installed
> - System infrastructure audit complete and verified
> - Implementation Management Plan delivered
> - Project Plan/Schedule delivered; dates confirmed
> - Stakeholder Presentation complete

Any remaining allegations in this paragraph are denied.

36. The County denies the allegations in this paragraph.

37. The County denies the allegations in this paragraph.

38. The County denies the allegations in this paragraph.

39. The County denies the allegations in this paragraph.

40. The County denies the allegations in this paragraph. The County admits it raised concerns to Tyler Tech about the elements of functionality that were missing in the Business Licensing implementation.

41. The County denies the allegations in this paragraph.

42. The County admits it experienced a service account issue. The County denies the remaining allegations in this paragraph.

43. The County denies the allegations in this paragraph.

44. The County denies the allegations in this paragraph.

45. The County admits it submitted the "showstopper list" on April 25, 2022. The County denies the remaining allegations in this paragraph.

46. The County denies the allegations in this paragraph.

47. The County denies the allegations in this paragraph.

48. The County denies Tyler Tech provided "existing solutions" for four of the items on the "showstopper list." The County admits Tyler Tech proposed to push the Project Timeline until 2023. The County denies the remaining allegations in this paragraph.

49. The County denies the allegations in this paragraph.

50. The County denies the allegations in this paragraph. For clarification, Business License is a division of Community Development.

51. The County denies the allegations in this paragraph.

52. The County denies the allegations in this paragraph.

53. The County denies the allegations in this paragraph.

54. The County denies the allegations in this paragraph.

55. The County denies the allegations in this paragraph. The County admits that in September 2022, it informed Tyler Tech about its defaults of the Agreement.

56. The County admits it sent a letter regarding the License and Services Agreement and Amendment No. 1 on September 21, 2022. The contents of the letter speak for themselves. The County denies the remaining allegations in Paragraph 56.

57. The County is unable to discern the allegations contained in this paragraph. The County denies Tyler Tech's allegation of the stated basis for invalidation of the Agreement. In its September 21, 2022, letter, the County clearly stated the bases for invalidation included, without limitation: "none of the post-implementation acceptance criteria have been met in a timely manner." Any remaining allegations of this paragraph are denied.

58. The County admits Tyler Tech sent the County a letter on October 11, 2022.

59. The County admits the allegations contained in this paragraph were stated in Tyler Tech's October 11, 2022, letter. The substance of such allegations contains legal conclusions to which no response is required. To the extent a response is required, the allegations in the paragraph are denied.

60. The County admits the allegations contained in this paragraph were stated in Tyler Tech's October 11, 2022, letter. The County denies such allegations.

61. The County admits that Tyler Tech's October 11, 2022, letter purported to identify certain steps for completing the already-delayed project by extending the

deadlines by nearly nine (9) months. The County also admits this letter stated, "County confirm its commitment to move forward no later than October 17, 2022." The County denies the remaining allegations of this paragraph.

62. The County admits these allegations were stated in Tyler Tech's October 11, 2022, letter. The County denies such allegations.

63. At this time, the County is without information and belief as to the truth of the allegations asserted in this paragraph. The County admits that it responded no later than its November 7, 2022, letter.

64. The County admits it sent Tyler Tech a "Notice of Breach of License and Services Agreement and Amendment No. 1" on November 7, 2022.

65. The County admits the allegations of this paragraph.

66. The County admits the allegations of this paragraph.

67. The County admits these allegations were started in Tyler Tech's November 16, 2022, letter to the County. The County denies such allegations.

68. The County denies Tyler Tech previously presented any claims to the County in its October 11, 2022, letter. The County admits that Tyler Tech sent a letter to the County demanding payment of $405,634. The County denies that Tyler Tech is entitled to any amount.

## COUNT I – BREACH OF CONTRACT

69. The County incorporates by reference its responses set forth in Paragraphs 8 through 68.

70. The County admits the Agreement is a binding and enforceable agreement between the parties.

71. The County denies the allegations in this paragraph.

72. The County denies the allegations in this paragraph. The County was not required to pay invoices for unearned amounts.

73. The County denies the allegations in this paragraph.

74. The County denies the allegations in this paragraph.

## COUNT II- BREACH OF CONTRACT

75. The County incorporates by reference its responses set forth in Paragraphs 8 through 68.

76. The County admits the allegations in this paragraph.

77. The County denies the allegations in this paragraph.

78. The County admits the language contained in this paragraph is found Section (C)7 of the Agreement.

79. The County denies the allegations in this paragraph.

80. The County denies the allegations in this paragraph.

## COUNT III – BREACH OF CONTRACT

81. The County incorporates by reference its responses set forth in Paragraphs 8 through 68.

82. The County admits the allegations in this paragraph.

83. The County denies the allegations in this paragraph.

84. The County admits the language of this paragraph is found in the Agreement.

85. The County denies the allegations in this paragraph.

86. The County denies the allegations in this paragraph.

## COUNT IV – SETOFF

87. The County incorporates by reference its responses set forth in Paragraphs 8 through 68.

88. The County denies its claims must be set off by the amounts of Tyler Tech's counterclaims because Tyler Tech is owed nothing under the Agreement.

## COUNT V- ATTORNEYS' FEES AND EXPENSES

89. The County incorporates by reference its responses set forth in Paragraphs 8 through 88.

90. The County denies the allegations in this paragraph.

91. The County denies the allegations in this paragraph.

92. The County denies the allegations in this paragraph.

## GENERAL DENIAL

Any allegation contained in the Answer and Counterclaims that is not expressly admitted in this Answer is denied.

## DEFENSES

Without assuming any burden that otherwise lies with Tyler Tech, the County asserts the following affirmative defenses:

### First Defense

Tyler Tech's counterclaims fail to state a claim against the County upon which relief can be granted.

### Second Defense

Tyler Tech's counterclaims are barred in whole or in part because Tyler Tech materially breached the Contract.

### Third Defense

Tyler Tech's counterclaims are barred in whole or in part by the doctrines of waiver, estoppel, laches, and unclean hands.

### Fourth Defense

Even though the County owes nothing to Tyler Tech, if any amount is found due, such amount must be setoff by the amount Tyler Tech owes the County.

### **Reservation of Right to Assert Additional Defenses**

The County reserves the right to reasonably amend its defenses as needed or as warranted by the discovery in this case.

This 22nd day of March, 2024.

                                                Respectfully submitted,

*/s/ David R. Cook*
David R. Cook Jr.
Georgia Bar No. 435130
cook@ahclaw.com
Kelly M. Henning
Georgia Bar No.: 586465
henning@ahclaw.com

AUTRY, HALL & COOK, LLP
3330 Cumberland Blvd., Suite 185
Atlanta, Georgia 30339
(770) 818-4442
*Attorneys for Plaintiff Cobb County*

H. William Rowling, Jr., County Attorney
Georgia Bar No. 617225
H.William.Rowling@CobbCounty.org

Lauren S. Bruce, Assistant County Attorney
Georgia Bar No. 796642
Lauren.Bruce@CobbCounty.org

Kelly J. Long Pridgen, Senior Associate County Attorney
Georgia Bar No. 587945
Kelly.Long@cobbcounty.org

COBB COUNTY ATTORNEY'S OFFICE
100 Cherokee Street, Suite 350
Marietta, GA  30090
770-528-4000 (phone)
770-528-4010 (facsimile)

*Attorneys for Plaintiff Cobb County*

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2024, I electronically filed the **PLAINTIFF'S ANSWER TO COUNTERCLAIMS** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

Robert C. Khayat, Jr.
KHAYAT LAW FIRM
75 14th Street, N.E
Suite 2750
Atlanta, GA 30309
RKhayat@khayatlawfirm.com

This 22nd day of March 2024.

*/s/ David R. Cook*
David R. Cook Jr.
Georgia Bar No. 435130
cook@ahclaw.com
Kelly M. Henning
Georgia Bar No.: 586465
henning@ahclaw.com