IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| COBB COUNTY, GEORGIA,<br><br>    Plaintiff,<br><br>v.<br><br>TYLER TECHNOLOGIES, INC.,<br><br>    Defendant. | Case No. 1:24-cv-00045-LMM |

## PROTECTIVE ORDER

On July 15, 2024, the parties filed a joint motion for entry of a protective order to protect against the public disclosure of information related to proprietary software technology and county taxpayer information. Upon consideration of the unusual circumstances of this case, the motion is **GRANTED**.

It is **ORDERED**, that:

1. Responses to interrogatories, requests for admission, and requests for production of documents, all documents produced in the course of discovery, all portions of deposition or other testimony of witnesses, all deposition exhibits, and all documents produced by third parties may not be used for any commercial, business, competitive, or other purposes whatsoever outside of this litigation (including any appeals), regardless of any confidentiality designations. Nothing in

this provision shall prohibit the parties from filing the documents identified herein with the Court except as may otherwise be provided in this Order.

2. In addition to the foregoing, certain information, documents, or portions of transcripts designated by the producing party as "CONFIDENTIAL" may not be used or disclosed by the parties to the action, their officers, agents, servants, employees, and attorneys, or any persons identified in Paragraph 7 below for any purposes whatsoever other than preparing for and conducting the litigation or other legal proceeding in which the information or documents were disclosed (including any appeals).

3. The producing party shall designate as "CONFIDENTIAL" information or documents which it in good faith believes contains trade secret or other confidential and proprietary research; development, commercial, personal, private financial information of the parties and non-parties; or any other confidential, non-public information that is protected from disclosure by statute, regulation, or otherwise.

    a. No designation of "CONFIDENTIAL" will be effective unless there is placed or affixed on each page of the material (in a manner that will not interfere with the legibility thereof) a "CONFIDENTIAL" notice or the equivalent.

b. Electronically stored information designated as "CONFIDENTIAL" must be so designated by affixing this notice to each Tagged Image File or "TIFF," Portable Document Format or "PDF," or other electronic document produced by the producing Party, or, for electronic documents produced in native format, by placing the designation in the filename of the document or on the slip sheet or load file that memorializes the production of the document in native format.

c. Printouts of any electronically stored information designated as "CONFIDENTIAL" must be treated as "CONFIDENTIAL" in accordance with the terms of this Order.

4. In addition to the foregoing, information, documents, or portions of transcripts designated by the producing party as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may not be disclosed other than to outside counsel for the parties and those persons identified Paragraph 8 below, and may not be used for any purposes whatsoever other than preparing for and conducting the litigation or other legal proceeding in which the information or documents were disclosed (including any appeals).

5. The producing party shall designate information or documents which it in good faith believes contains confidential information that is likely to cause

3

significant competitive injury or harm if disclosed to other parties or the employees of those parties as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

    a.    No designation of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" will be effective unless there is placed or affixed on each page of the material (in a manner that will not interfere with the legibility thereof) a "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" notice or the equivalent.

    b.    Electronically stored information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" must be so designated by affixing this notice to each Tagged Image File or "TIFF," Portable Document Format or "PDF," or other electronic document produced by the producing Party, or, for electronic documents produced in native format, by placing the designation in the filename of the document or on the slip sheet or load file that memorializes the production of the document in native format. Printouts of any electronically stored information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" must be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with the terms of this Order.

6. Any party may designate deposition or other testimony which it in good faith believes requires such protections as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" either (a) when the deposition or testimony is given or (b) within thirty (30) days after the party's receipt of the transcript of the deposition or other testimony.

7. The parties and counsel for the parties shall not disclose or permit the disclosure of any "CONFIDENTIAL" documents or information to any other person or entity, except that disclosures may be made in the following circumstances:

    a. Disclosure may be made to counsel and employees of counsel for the parties as deemed reasonably necessary for the preparation and trial of the lawsuit or providing assistance in the conduct of the litigation.

    b. Disclosure may be made to a party or to employees of a party only as reasonably necessary for the purpose of providing assistance in the conduct of the litigation in which the information was disclosed. Prior to disclosure to a party or to employees of a party, such person must agree to be bound by the terms of this Order.

    c. Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents.

    d.    Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any such expert, the expert must agree to be bound by the terms of this Order.

    e.    Disclosure may be made to the Court (or other adjudicative body) and jury in the course of judicial or other legal proceedings in this case (including any appeals).

    f.    Disclosure may be made to mediators involved in alternative dispute resolution procedures in which the parties may engage in connection with this litigation.

    g.    Disclosure may be made to the insurers of any party as reasonably necessary for coverage to be obtained.

    h.    Disclosure may be made by a party to any witness (i) who authored, sent, or received confidential documents, or (ii) who is otherwise described in any confidential documents. Prior to disclosure to any such witness, the witness must agree to be bound by the terms of this Order.

8.    Outside counsel for the parties shall not disclose or permit the disclosure of any "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

documents or information to any party, other person, or entity, except that disclosures may be made in the following circumstances:

    a.    Disclosure may be made to counsel and employees, contractors, vendors, and staff of outside counsel for the parties as deemed reasonably necessary for the preparation and trial of the lawsuit or providing assistance in the conduct of the litigation provided that the employees, contractors, vendors, and staff of outside counsel are not parties to the lawsuit or otherwise affiliated with parties to the lawsuit.

    b.    Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents.

    c.    Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") engaged by counsel for the parties to assist in the preparation and trial of the lawsuit provided such experts are not parties to the lawsuit or otherwise affiliated with parties to the lawsuit. Prior to disclosure to any such expert, the expert must agree to be bound by the terms of this Order.

    d.    Disclosure may be made to the Court (or other adjudicative body) and jury in the course of judicial or other legal proceedings in this case (including any appeals) provided that available mechanisms to seal or otherwise protect the material from disclosure shall be utilized if permitted by the Court.

    e.    Disclosure may be made to mediators involved in alternative dispute resolution procedures in which the parties may engage in connection with this litigation.

    f.    The author or recipient of the document containing the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information provided that they (1) are a party or current employee of a party in this Action; (2) are reviewing the designated materials solely in the presence of, or at the offices of, outside counsel to the extent necessary in connection with the prosecution or defense of this action; and (3) do not retain any electronic or hard copies thereof.

    g.    Disclosure may be made by a party during the deposition of the disclosing party or a witness who is serving as a designated expert witness in the lawsuit. Prior to disclosure to any such witness, the witness must agree to be bound by the terms of this Order and the deposition testimony and any exhibits relating to "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall be designated as such in accordance with this Order.

9. Except as provided in Paragraphs 7 and 8 above, the parties shall keep all documents subject to this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

10. The failure to designate information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with this Order or the failure to object to a designation at a given time shall not preclude the subsequent designation (including the filing of a motion at a later date seeking to impose such designation) or challenging the propriety thereof. If a party believes in good faith that a document has been unintentionally or inadvertently produced without an appropriate designation, it will notify the disclosing party in writing of such disclosure within five business days.

11. If a party believes in good faith that a designation of confidentiality is improper, that party may make an objection in writing to the producing party.

    a. Within seven (7) calendar days of the receipt of an objection, the receiving party and the producing party must meet and confer in an effort to resolve any disagreement regarding the producing party's designation of the material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

      b.      If the parties cannot resolve their disagreement, the receiving party may challenge the designation by filing a motion. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality.

12.      Without written permission from the Disclosing Party or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record in this Action any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information. However, this Order does not, by itself, authorize the filing of any document under seal. Any documents (including briefs), tangible things, or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by compliance with the Court's Procedures for Electronic Filing Under Seal in Civil Cases.

13.      Claw Back of Inadvertent Production. If a party believes in good faith that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection ("Privileged Material") has been unintentionally or inadvertently produced by any party to this proceeding it will notify the disclosing party in writing of such disclosure within five business days.

Within five days of such notification, the producing party may then request in writing that the document be returned.

    a.    If such a request is made, the receiving party and their counsel shall promptly sequester all copies of the document in their possession, custody, or control.

    b.    The receiving party may notify the producing party in writing whether it objects to the designation of the material as privileged or protected within fourteen (14) calendar days of the request.

    c.    If the receiving party does not object, the receiving party shall promptly return or destroy the inadvertently disclosed Privileged Material and all copies of it.

    d.    Within seven (7) calendar days of the receipt of an objection, the receiving party and the producing party must meet and confer in an effort to resolve any disagreement regarding the producing party's designation of the material as privileged or protected. If the parties cannot resolve their disagreement, the producing party may promptly present the Privileged Materials to the Court under seal for a determination of the producing party's claim of privilege or protection.

  e. While any application of this kind is pending, the Privileged Material subject to that application must be treated by the receiving party as privileged or protected until the Court rules. If the Court determines that such material is privileged or protected, the receiving party must immediately return or destroy the inadvertently disclosed Privileged Material and all copies of it. The producing party has the burden of showing that the material at issue is privileged or protected.

  f. The unintentional or inadvertent disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter in this proceeding or in any other proceeding.

  g. The return of the purportedly inadvertently produced document shall not be deemed as an acquiescence or admission as to the privilege asserted in the request for return.

14. At the conclusion of this litigation, including any appeals, within 60 days of the conclusion of this litigation (including all appeals), all material treated as subject to this Order and not received in evidence shall be returned to the originating party upon request by the originating party.

  a. If the parties so stipulate, or if the originating party does not make a request for return of the information, the material may be destroyed instead of being returned. The Court or other adjudicative body may return to counsel for the parties or destroy any sealed material at the end of the litigation or other legal proceeding.

  b. Notwithstanding this provision, counsel for the parties are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain material designated confidential.

15. The inadvertent disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall not be deemed a violation of this Order giving rise to contempt if the producing party (i) requests in writing that the document be returned and notifies the party, or parties, whose confidential information is at issue in the inadvertent disclosure so the parties may confer as to what additional steps (if any) are reasonably necessary to protect the confidential information; and (ii) within 5 days of becoming aware of the inadvertent disclosure notifies in writing all counsel of record of the inadvertent disclosure, as well as steps taken to protect the confidential information.

**SO ORDERED** this 16th day of July, 2024.

                                                 Hon. Leigh Martin May
                                                 United States District Judge